**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 13-cv-02309-REB-MJW

WALTER ORLANDO MANCIA RIVERA, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

CARNICERIA Y VERDULERIA GUADALAJARA INC; and
SERGIO EVANGELISTA

    Defendants.

**ORDER GRANTING
MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND MOTION FOR ATTORNEY FEES**

**Blackburn, J.**

The matters before the court are (1) the parties' **Joint Motion for Final Approval of 29 U.S.C. § 216(b) and F.R.C.P. 23 Settlement** [#84],[1] filed July 14, 2015; and (2) and plaintiffs' **Motion in Support of Plaintiffs' Request for an Award of Attorneys' Fees and Reimbursement of Expenses** [#81], filed June 12, 2015. I considered these motions at a fairness hearing on July 31, 2015. Having considered these motions, the Settlement and Release Agreement [#78-1], the statements of counsel at the hearing, and having entered findings of fact and conclusions of law from the bench, I find and conclude that the motions are well-taken and should be granted.

---

[1] "[#84]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint Motion for Final Approval of 29 U.S.C. § 216(b) and F.R.C.P. 23 Settlement** [#84], filed July 14, 2015, is granted;

2. That plaintiffs' **Motion in Support of Plaintiffs' Request for an Award of Attorneys' Fees and Reimbursement of Expenses** [#81], filed June 12, 2015, is granted;

3. That the court's rulings are based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's **MANUAL FOR COMPLEX LITIGATION** (4th ed. 2004) and **ANNOTATED MANUAL FOR COMPLEX LITIGATION FOURTH** (2005);

4. That the Settlement Agreement [#78-1] is incorporated by reference as if fully set forth herein, and the definitions used in the Settlement Agreement are adopted for use herein;

5. That the Settlement Agreement is fair and reasonable and therefore is approved;

6. That Edward F. Siegel, Esq., Alexander N. Hood, Esq., and Andrew A. Schmidt, Esq., are appointed as class counsel for the Rule 23 Class;

7. That pursuant to Fed. R. Civ. P. 23, the court approves Walter Orlando Mancia Rivera ("Walter Mancia") as class representative for the Rule 23 Class;

8. That no member of the Rule 23 Class has opted-out or objected to the Settlement Agreement;

9. That the court approves the incentive award of $7,500 to be paid to plaintiff Walter Mancia;

10. That the court approves plaintiffs' and Class counsels' award of attorney fees in the amount of $100,000.00, slightly less than 33% of the Settlement Fund (defendants take no position on this portion of the Order);

11. That the court approves costs for advertising and mailing to the class administrator in the amount of $1,343.68;

12. That the court approves payment of 50% of the class administrator's fee, in the amount of $3,500.00. The remainder of the administrator's fee may be awarded on a final accounting of the administrator and a showing that all disbursements out of the class fund other than the administrator's final fee payment have been made;

13. That the court approves a payment of up to $1,200.00 to the class administrator to reimburse it for any travel costs associated with attendance at the July 31, 2015, fairness hearing;

14. That the court approves a payment of up to $750.00 to the class administrator to reimburse it for any costs associated with engaging an accountant to assist with tax withholding, payment, and reporting on behalf of the Class;

15. That the class administrator shall make the following distributions consistent with the above within **ten (10) days** of receipt of the last W-4 from Approved Class Members:

| | |
|---|---|
| Class claims to Class Members (as detailed in the class administrator report): | $173,701.65 |
| Incentive Award to named plaintiff Walter Mancia: | $7,500.00 |

| | |
|---|---|
| Administrator fee (50% of requested fee): | $3,500.00 |
| Newspaper ad cost to class administrator: | $1,215.00 |
| Mailing costs to class administrator: | $128.68 |
| Attorney fees to plaintiffs' counsel: | $100,000.00; |

16.  That any monies remaining in the Class Fund after the distributions ordered above are issued and all distribution checks are cashed or returned as "undeliverable" (the "remainder"), shall be distributed as follows:

    a.  27.5% of the remainder to El Centro Humanitario Para los Trabajadores of Denver as a cy pres;

    b.  27.5% of the remainder to Children's Hospital Colorado of Denver as a cy pres; and

    c.  45% of the remainder to defendants as a reverter;

17.  That the wage portion of any claim shall be paid through defendants' payroll service, On-Time Accounting of Lakewood Colorado, and defendants shall be responsible for contributing the employer's share of any applicable payroll taxes; provided further that the Class Administrator shall be responsible for paying the employees' portion of any applicable payroll taxes and any applicable state or federal withholding taxes from the Settlement Fund; and

18.  That within **one hundred and twenty (120) days** of this Order, with the assistance of the parties and their counsel, the class administrator shall present a final accounting of the class fund to the court and request any remaining fees to which it is entitled.

Dated July 31, 2015, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge